IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Michael W. Jeffcoat,<br><br>      Plaintiff,<br><br>vs.<br><br>Warden of Broad River Correctional Institution,<br><br>      Defendant. | Civil Action No.: 8:12-cv-00113-CMC-JDA<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

Petitioner brought this action seeking relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on Respondent's motion for summary judgment [Doc. 14] and Petitioner's motion to dismiss, filed as a letter requesting dismissal [Doc. 20]. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed his Petition for writ of habeas corpus on January 9, 2012.[1] [Doc. 1.] On March 5, 2012, Respondent filed a motion for summary judgment and a return and memorandum. [Docs. 13,14.] On March 6, 2012, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner to respond to the motion and of the possible consequences if he failed to adequately respond. [Doc. 15.] Despite this explanation, Petitioner elected not to respond.

As Petitioner is proceeding pro se, the Court filed a second Order on April 16, 2012, giving Petitioner through May 7, 2012 to file his response to the motion for summary

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). In this case, construing the filing date in the light most favorable to Petitioner, this action was filed on January 9, 2012. [Doc. 1 at 15 (Petition, signed as excued on 1/9/12).]

judgment. [Doc. 18.] Petitioner was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. Instead of filing a response to the motion for summary judgment, Petitioner filed a letter requesting dismissal of the case, which the Court has construed as a motion to dismiss, to allow Petitioner to properly exhaust his state remedies.[2]

Wherefore, based upon the foregoing, it is recommended that Respondent's motion for summary judgment [Doc. 14] be GRANTED, Petitioner's motion to dismiss [Doc. 20] be GRANTED, and this action be DISMISSED without prejudice.

s/Jacquelyn D. Austin
United States Magistrate Judge

May 4, 2012
Greenville, South Carolina

---

[2] In his return and memorandum in support of the motion for summary judgment, Respondent argues Petitioner has failed to exhaust his state remedies and the case should be dismissed until Petitioner properly exhausts the state remedies available to him. [Doc. 13 at 16–18.] Petitioner concedes he has not exhausted his state remedies. [Doc. 20.]